UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DORIS J. HOUK,

      Plaintiff,

v.                                          CASE No. 8:06-CV-1066-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

      Defendant.
_____


## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

---

[1] Michael J. Astrue has become the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B. Barnhart as the defendant in this suit.

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 9).

The plaintiff, who was forty-two years old at the time her insured status expired and who has some college education, has been employed in the United States Army (Tr. 80, 90, 215). She filed her current claim for Social Security disability benefits in 2000, alleging that she became disabled on February 23, 1989, due to bipolar disorder (Tr. 84). The claim was denied initially and upon reconsideration.

At her request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge determined that the plaintiff last met the special earnings requirement for disability benefits on December 31, 1992 (Tr. 15). The law judge decided that, as of that date, the plaintiff did not have a severe impairment (Tr. 16). He, therefore, concluded that she was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

Thereafter, the plaintiff sought review of the law judge's decision in this court. In a report and recommendation, I recommended that the law judge's decision be reversed and remanded (Tr. 230). I found that the law judge did not adequately evaluate the plaintiff's and her sister's testimony regarding the plaintiff's condition (id., Tr. 235-38). United States District

Judge Richard A. Lazzara adopted my report and recommendation (Tr. 226-27). Consequently, the law judge's decision was reversed and remanded for further proceedings (Tr. 228).

Another administrative hearing was then conducted by the same law judge (Tr. 261-300). The law judge again determined that the plaintiff last met the special earnings requirement for disability benefits on December 31, 1992 (Tr. 208). He found that by that date the plaintiff had a severe impairment of bipolar disorder (Tr. 210). The law judge determined that, as of December 31, 1992, the plaintiff had the residual functional capacity to perform medium work involving simple, routine tasks, and was able to deal with minor stress in a normal work environment, but had an occasional limitation in coping with severe work stress (Tr. 214). The law judge also decided that the plaintiff was occasionally limited in concentrating on assigned tasks and in interacting with the public (id.). The law judge concluded that these restrictions prevented the plaintiff from returning to her past work (id.). However, based upon the testimony of a vocational expert, the law judge decided that there were jobs in the national economy that the plaintiff could perform, such as a janitor, kitchen helper, and hand packager

(Tr. 215). Therefore, the law judge decided that the plaintiff was not disabled (Tr. 216). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, furthermore, the plaintiff must show that she became disabled before her insured status expired on December 31, 1992. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff's insured status for disability benefits expired on December 31, 1992, and, therefore, the plaintiff must demonstrate that she became disabled by that date in order to receive disability benefits. It should be noted that the Social Security Administration determined that the plaintiff was disabled as of January 2000, and she began receiving widow's benefits after reaching age fifty in July 2000 (Tr. 25). The plaintiff is pursuing this claim to obtain benefits for several months before her widow's benefits commenced (Tr. 25-26).

With respect to the present claim for disability benefits, as indicated, the law judge determined that the plaintiff has a severe impairment of bipolar disorder (Tr. 210). However, despite this impairment, the law judge concluded that the plaintiff could perform medium level work, and therefore, was not disabled (Tr. 214, 216). Consequently, the plaintiff challenges the law judge's decision on two grounds. Neither contention warrants reversal of the law judge's decision.

The plaintiff argues first that the law judge failed to properly evaluate the lay witnesses' testimony, which includes the plaintiff's, her sister's and her son's testimony (Doc. 12, pp. 5-8). This contention is without merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

If the law judge determines that, under this test, the subjective complaints are not supported by the objectively determined medical condition, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines, either explicitly or implicitly, that there is objective medical evidence of an impairment which

could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985). In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

   The law judge obviously recognized the need to articulate a credibility determination since, as he noted, that was the basis for the judicial remand (Tr. 207). Moreover, he referred not only to the pertinent regulation governing such determinations, but also to the leading case of Landry v. Heckler, supra (Tr. 211). Further, the law judge considered the plaintiff's complaints and set forth reasons for discounting, at least to some extent, the plaintiff's subjective allegations (Tr. 211-12, 213-14). Notably, the law judge did not totally reject the plaintiff's subjective complaints, but rather concluded that the plaintiff had restrictions that limited her to some types of medium work. The law judge only rejected the allegations of total disability. The law judge stated (Tr. 213):

> In short, from February 23, 1989[,] through December 31, 1992, there was very limited mental health treatment. Even after that period, from 1993 through August 1997, there was sporadic treatment

> and no hospitalizations. Only during two periods in 1997 and again in January 2000 did the claimant's condition worsen.
>
> Indeed, at the first hearing held in April 2001, the claimant spent most of the time explaining why she did not seek treatment from 1988 to 1992. She never testified about her functional limitations during that period. She also never asserted that she could not afford medications. She apparently had access to the VA Medical Center. She also admitted that her condition became more serious as time passed.
>
> Due to the limited supporting evidence, I find that the claimant is not credible regarding her limitations during the relevant time period. In further support, the claimant did not even file an application for disability benefits until 2000, when she was told to by a person at the VA Center. This was eleven years after she claims that she was disabled. Further, she was not found disabled for the purpose of obtaining widow's benefits until January 2000, a full eight years after her insured status expired. Finally, in October 1998, the VA found that the claimant had only a thirty percent disability due to bipolar disorder. This was increased to seventy percent in February 2001. Again, these time periods are well after the claimant's alleged onset date and the date her insured status expired.

This finding is explicit and adequate to discredit the plaintiff's subjective complaints. See Heppell-Libsansky v. Commissioner of Social Security, 2006 WL 622745 at *5 (11th Cir. 2006)(unpub. op.).

-9-

The law judge also explicitly rejected the plaintiff's sister's and son's testimony on similar grounds. Thus, the law judge stated (Tr. 213-14):

> I find Ms. Williford [plaintiff's sister] and Mr. Houk's [plaintiff's son] testimony vague and not credible. The medical records do not support the severe limitations Ms. Williford and Mr. Houk describe during the relevant time period. As discussed above, the claimant only received sporadic treatment without significant findings. The records indicate a definite worsening in 2000, when Ms. Williford filled out the questionnaire, making Ms. Willford's statements plausible for that time. Again, however, this is a full eleven years after the claimant alleged disability and eight years afer her last date insured.

The law judge further stated (Tr. 214):

> In sum, the claimant's medical records show only sporadic mental health treatment during the relevant time period. The testimony of the claimant, her sister, and her son that she was unable to perform daily activities or engage in social activities is not corroborated. The claimant was taking medication only intermittently, missed many appointments, and refused to return phone calls. She claimed that she had the same symptoms while still in the Army, yet she was able to complete her tour of duty without requiring a medical discharge. For the foregoing reasons, I find the testimony of the claimant, her sister and her son not generally credible.

These reasons have been quoted at length because they demonstrate that the law judge provided ample justification for his credibility determinations.

-10-

The plaintiff contends that the paucity of medical evidence, her noncompliance with medication and her missed appointments do not negate the testimony that she was fundamentally incapacitated due to her bipolar disorder (Doc. 12, pp. 6-7). Thus, the plaintiff seems to argue that her lack of mental health treatment, her failure to take her medications, and her missed appointments would be consistent with a mental illness. That argument, however, is insufficient. Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

In other words, it is for the law judge to determine the import of the lack of mental health treatment, the failure to comply with a medication regime, and the missing of appointments. The law judge could reasonably find that those circumstances, along with the other reasons he has stated, warrant a finding of not disabled. In light of those circumstances, the evidence certainly does not compel a contrary conclusion.

In her second argument, the plaintiff asserts that the law judge did not give proper consideration to the medical evidence which corroborates that she was disabled during the pertinent period. The plaintiff fails to include citation to the medical record to support her argument (see Doc. 12, p. 7). The argument, accordingly, can be deemed abandoned on this ground alone (see Doc. 7, p. 2). In any event, the law judge thoroughly summarized the plaintiff's medical record (Tr. 209-10). The plaintiff does not provide a meaningful argument that his determination was in error (see Doc. 12, p. 7). From all that appears, there is no evidence that corroborates the testimony of the lay witnesses.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this <u>10th</u> day of September, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE